UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY RUSS,<br><br>    Petitioner,<br><br>v.<br><br>BRANDON PRICE,<br><br>    Respondent. | No. 18-cv-1154-AWI-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS |

Petitioner Roy Russ, a civil detainee confined at Coalinga State Hospital, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* 28 U.S.C. § 2243. Under Rule 4, the court will dismiss a petition for a writ of habeas corpus if it "plainly appears" that the petitioner is not entitled to relief. Petitioner does not challenge his conviction or sentence under federal law. Thus, the court should summarily dismiss the petition without prejudice.

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs habeas petitions of those in custody pursuant to state court judgment. *See* § 2254; *Harrington v. Richter*, 562 U.S. 86, 97 (2011); *Woodford v. Garceau*, 538 U.S. 202, 206-08 (2003). Under AEDPA, only the holdings in the Supreme Court's decisions can

identify "clearly established Federal law." *See Atwood v. Ryan*, 870 F.3d 1033, 1046 (9th Cir. 2017).

Here, petitioner does not allege any violation of federal law. He apparently pursued habeas petitions in state court, but he does not explain what arguments he raised or argue why he should be released from custody. Instead, he argues that state courts mistakenly characterized his petition as a successive petition, due to administrative errors such as mistaken case numbers in state court. *See generally* ECF Nos. 1 at 2-5, 5 at 1-2. Without an argument from petitioner how his custody violates federal law, this court cannot grant habeas relief. Because petitioner has no lawyer and given petitioner's understandable confusion as to the role of a federal district court, the court should dismiss the petition without prejudice.

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court should decline to issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the court dismiss the petition for a writ of habeas corpus, ECF No. 1, without prejudice and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of

Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     March 20, 2019                                      /s/ Jeremy Peterson
                                                               UNITED STATES MAGISTRATE JUDGE

No. 202