1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY RUSS,<br><br>        Petitioner,<br><br>    v.<br><br>BRANDON PRICE,<br><br>        Respondent. | Case No.   18-cv-1154-AWI-JDP (HC)<br><br>ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF DOCUMENTS<br><br>ECF No. 1<br><br>ORDER DISMISSING OUTSTANDING MOTIONS AS MOOT<br><br>ECF Nos. 16, 19<br><br>ORDER DENYING MOTION FOR RECUSAL AND TO STAY<br><br>ECF No. 18 |

Petitioner Roy Russ, a civil detainee confined at Coalinga State Hospital, sought a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  On August 1, 2019, this court dismissed the instant petition for failure to state a federal habeas claim.  ECF. No. 9.  In accordance with a later finding that petitioner had stated two federal claims in his petition, the order dismissing the case was vacated on January 16, 2020.  ECF No. 20.  Therefore, the case was reopened, and the petition is now under review by this court.  Under Rule 4 of the Rules Governing Section 2254

Cases, the court must examine the habeas corpus petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. It does not plainly appear that petitioner is not entitled to relief. Therefore, we order the government to respond to the petition, set a briefing schedule, and direct service of documents.

Petitioner recently filed three motions for our consideration. First, petitioner filed a motion for clarification, seeking the court to clarify its jurisdiction and provide the current status of the case. ECF No. 16. The instant order confirms that this court is exercising jurisdiction over the case and sets a briefing schedule for the case. Therefore, petitioner's motion is moot. Second, petitioner moved to recuse the California Attorney General's Office from the instant case and to stay all proceedings pending adjudication of the motion. ECF No. 18. Petitioner argues that the state attorney general's involvement in his state level habeas proceedings presented a conflict of interest. *Id*. at 3-4. However, the state attorney general has not entered an appearance in this case. To the extent petitioner seeks recusal of respondents in his state level case, he should seek relief in state court. Therefore, we deny petitioner's motion. Third, petitioner submitted a motion to correct an error in the electronic version of his petition, which was uploaded to this court's electronic filing system. ECF No. 19. Two pages of the petition were inadvertently overlapped. *Id*. The clerk of the court has corrected this error. *See* ECF No. 1 at 72-73. Therefore, petitioner's motion is dismissed as moot.

**Order**

    1.    Within sixty days of the date of service of this order, respondent must file a response to the petition.

    2.    A response may be one of the following:

        A. An answer addressing the merits of the petition. Any argument by respondent that petitioner has procedurally defaulted a claim must be raised in the answer, which must also address the merits of petitioner's claims.

        B. A motion to dismiss the petition.

3.     Within sixty days of the date of service of this order, respondent must file all transcripts and other documents necessary for resolving the issues presented in the petition. *See* Rules Governing Section 2254 Cases, Rule 5(c).

4.     If respondent files an answer to the petition, petitioner may file a traverse within thirty days of the date of service of respondent's answer. If no traverse is filed within thirty days, the petition and answer are deemed submitted.

5.     If respondent moves to dismiss, petitioner must file an opposition or statement of non-opposition within twenty-one days of the date of service of respondent's motion. Any reply to an opposition to the motion to dismiss must be filed within seven days after the opposition is served. The motion to dismiss will be considered submitted twenty-eight days after the service of the motion or when the reply is filed, whichever comes first. *See* Local Rule 230(l).

6.     Respondent must complete and return to the court within thirty days a form stating whether respondent consents or declines to consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1).

7.     Petitioner's motion for clarification is dismissed as moot. ECF No. 16.

8.     Petitioner's motion for recusal and to stay proceedings is denied. ECF No. 18.

9.     Petitioner's motion for correction is dismissed as moot. ECF No. 19.

The clerk of the court is directed to serve a copy of this order on the state attorney general or the attorney general's representative.

IT IS SO ORDERED.

Dated:    January 27, 2020   

UNITED STATES MAGISTRATE JUDGE

No. 206.

3