UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY RUSS, | Case No.   18-cv-1154-AWI-JDP (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION |
| v. | |
| BRANDON PRICE, | OBJECTIONS DUE IN THIRTY DAYS |
| Respondent. | ECF No. 24 |

Petitioner Roy Russ, a civil detainee confined at Coalinga State Hospital, seeks a writ of habeas corpus under 28 U.S.C. § 2254.[1] ECF No. 1. Petitioner challenges a 2016 state superior court denial of habeas relief. ECF No. 1 at 42. On March 16, 2020, respondent filed the instant motion to dismiss the petition as untimely. ECF No. 24. On April 1, 2020, petitioner filed an opposition, ECF No. 27, and on April 2, 2020, respondent replied, ECF No. 28. This matter is now ripe for review. For the reasons stated below, respondent's motion to dismiss should be granted.

---

[1] Although petitioner filed the instant petition using a 28 U.S.C. § 2241 petition form, we construe his filing as a 28 U.S.C. § 2254 petition. ECF No. 1. Section 2254 is the proper vehicle for a civil detainee in state custody seeking relief relating to the duration of his confinement. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005).

1

**Background**

On April 8, 1988, petitioner pleaded guilty to committing a lewd and lascivious act on a child under the age of 14. *See People v. Russ*, No. F056349, 2009 WL 2232667, at *2 (Cal. App. July 27, 2009). On August 26, 2008, petitioner was indefinitely committed to the California State Hospital ("hospital") after being designated a sexually violent predator ("SVP"). ECF No. 1 at 104. In 2015, the Fresno County Superior Court ordered the hospital to file a habeas petition on behalf of petitioner to seek judicial review of petitioner's SVP status, and the hospital did so. ECF No. 1 at 112-28. On July 6, 2016, the superior court determined that petitioner's SVP designation remained appropriate and accordingly denied petitioner habeas relief. *Id.* at 208-12. On August 27, 2018, petitioner filed the instant federal petition, seeking relief from the superior court's 2016 denial.

**Discussion**

No habeas rule explicitly applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). Following the approach most frequently taken by other courts in this district, we find that Rule 4 of the Rules Governing Section 2254 Cases provides the most appropriate analytical framework for this motion to dismiss, which asserts untimeliness as a basis for dismissal. *See, e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB, 2017 U.S. Dist. Lexis 85123 at *4 (E.D. Cal. June 2, 2017). Rule 4 establishes what is commonly known as a "screening" procedure for habeas petitions. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 269 n.14 (1978); Fed. R. Civ. P. 81(a)(4)(A). It limits our consideration to "the petition and any attached exhibits"—somewhat like the limitation to the pleadings that would apply to a motion to dismiss for untimeliness outside the habeas context under Federal Rule of Civil Procedure 12(b)(6) or 12(c).[2] Under Rule 4, we evaluate

---

[2] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are

1   whether it "plainly appears" that the petitioner is not entitled to relief—and if so we dismiss the
2   petition.
3       Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking
4   habeas relief under § 2254 must comply with a one-year statute of limitations.[3]  For most habeas
5   petitioners, the one-year clock starts to run on "the date on which the judgment became final by
6   the conclusion of direct review or the expiration of the time for seeking such review."  42 U.S.C.
7   § 2244(d)(1)(A).[4]  Statutory tolling applies to the "time during which a properly filed application
8   for State post-conviction or other collateral review with respect to the pertinent judgment or claim
9   is pending."  *Id*. § 2244(d)(2).
10      Here, petitioner raises two due process claims arising from the superior court's July 6,
11  2016 denial of habeas relief: (1) the hospital failed to adhere to certain state procedural rules; and
12  (2) the court erroneously admitted evidence beyond the scope of the case and allowed the
13  government to take "multiple positions."  ECF No. 1 at 50.  At the time of the superior court's
14  July 6, 2016 denial of habeas relief, petitioner had a separate habeas petition pending before the
15  California Supreme Court.  ECF No. 24 at 5.  On July 6, 2016, the California Supreme Court
16  directed petitioner to file a supplement to that petition, apparently in light of the superior court's
17  denial of habeas relief on the same day.  *Id*.  Petitioner filed his supplement on July 15, 2016 and

---

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d); *see Farr v. United States*, 990 F.2d 451, 454 (9th Cir. 1993); *Hal Roach Studios, Inc. v. Richard Feiner & Co*., 896 F.2d 1542, 1550 (9th Cir. 1989).

[3] Petitioner argues that because he filed his petition under § 2241, the petition is not subject to AEDPA's statute of limitations.  ECF No. 27 at 1.  However, a § 2254 petition is his exclusive means for seeking habeas relief, and therefore his petition is subject to AEDPA's statute of limitations.

[4] Although petitioner challenges the superior court's denial of his habeas petition, not his underlying 1988 conviction, we will consider the date of the superior court's affirmation of petitioner's SVP designation and related denial of habeas relief as the relevant date of "judgment" under § 2244(d)(1)(A).  *See Ronje v. King*, No. SACV 17-00755 SJO (RAO), 2017 U.S. Dist. LEXIS 116482, at *5 (C.D. Cal. July 16, 2017) (using the date "when the judgment subjecting petitioner to SVP confinement became final to determine the trigger date for the statutory period" under § 2244(d)(1)(A)); *Martin v. Bartow*, 628 F.3d 871, 874 (7th Cir. 2010) (recognizing that each state court order continuing civil commitment or denying a challenge to such commitment constitutes a new "judgment"  under § 2244(d)(1)(A), and therefore starts a new statute of limitations period).

3

the Court denied relief on October 12, 2016.[5]  *Id*.  Therefore, the Court's October 12, 2016 denial triggered AEDPA's statute of limitations.[6]  AEDPA's one-year statute of limitations began to run the next day, on October 13, 2016, and expired on October 12, 2017.  During that period, petitioner did not file any subsequent applications for state collateral review.[7]  Petitioner filed the instant federal petition on August 27, 2018.  Therefore, because petitioner failed to seek federal review within the statute of limitations, it plainly appears that he is not entitled to relief.  We recommend that respondent's motion to dismiss be granted.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473,

---

[5] Respondent asserts that the California Supreme Court's review of this habeas petition included a collateral review of the superior court's July 6, 2016 decision. ECF No. 24 at 2.  Without the benefit of reasoning from the California Supreme Court, we cannot make that determination.  However, whether the California Supreme Court collaterally reviewed the superior court's decision is immaterial because petitioner sought no other timely review of the superior court's decision.

[6] A California Supreme court order denying a habeas petition becomes final immediately in cases where, as here, no order to show cause was issued.  *See* Cal. R. of Ct. 8.532.

[7] On March 20, 2018, nearly six months after the statute of limitations expired, petitioner sought habeas relief from the California Court of Appeal.  ECF No. 1 at 61.  The Court of Appeal denied relief on March 29, 2018 and the California Supreme Court denied the petition as successive on August 15, 2018.  *Id*. at 42-42.  Because this petition was filed after the statute of limitations had expired, it had no effect on the timeliness of the federal petition.  *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (explaining that a state habeas petition filed after the limitations period has run results in no tolling).

484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further.  Thus, we recommend that the court decline to issue a certificate of appealability.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court grant respondent's motion to dismiss, ECF No. 24, dismiss the case, and decline to issue a certificate of appealability.  These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     May 15, 2020                                           _____
                                                                                        UNITED STATES MAGISTRATE JUDGE

No. 206.