# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY RUSS,<br><br>   Plaintiff<br><br>  v.<br><br>BRANDON PRICE,<br><br>   Defendant | CASE NO. 1:18-CV-1154 AWI JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, ORDER GRANTING MOTION TO DISMISS, and ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 24, 29) |

  Petitioner is a civil detainee proceeding *pro se* with a petition for writ of habeas corpus that is ostensibly brought pursuant to 28 U.S.C. § 2241.  On May 15, 2020, the Magistrate Judge issued Findings and Recommendation ("F&R") that recommended granting Respondent's motion to dismiss the petition as untimely.  See Doc. No. 29.  Specifically, the F&R found that the petition was appropriately classified as one brought pursuant to 28 U.S.C. § 2254 and that Petitioner had failed to meet the one year limitations period of 28 U.S.C. § 2244(d).  See id.  On June 5, 2020, Petitioner filed objections.  See Doc. No. 30.

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.  Contrary to Petitioner's objections, his petition is properly reviewed under 28 U.S.C. § 2254.  See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005); Russ v. King, 2016 U.S. Dist. LEXIS 129607, *2 (E.D. Cal. Sept. 21, 2016); Padilla v. King, 2014 U.S. Dist. LEXIS 183948, *6-*7 (C.D. Cal. Aug. 15, 2014); Carmony v. Mayberg, 2011 U.S. Dist. LEXIS 3470, *4 (Jan. 10, 2011).  Therefore, the Court will overrule Petitioner's objections and adopt the F&R.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, reasonable jurists would not find the Court's determination that Petitioner's habeas petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on May 15, 2020 (Doc. No. 29) is ADOPTED IN FULL;
2. Respondent's motion to dismiss (Doc. No. 24) is GRANTED;
3. The petition for writ of habeas corpus is DISMISSED as untimely;
4. The Clerk is directed to CLOSE this case; and
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   November 16, 2020                              _____
                                                          SENIOR DISTRICT JUDGE